**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:06cr68** |
| | ) | |
| **STEPHEN J. WASHINGTON** | ) | |
| | ) | |

**MEMORANDUM OPINION**

The record reflects that on December 23, 2005, a criminal complaint was filed against defendant Stephen J. Washington charging him with one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Defendant was later arrested on the criminal complaint on February 2, 2006, at which time he was brought before a magistrate judge in the Eastern District of Virginia for his initial appearance pursuant to Rule 5, Fed. R. Crim. P. In the course of the Rule 5 hearing, defendant was remanded to the custody of the U.S. Marshal's Service pending a detention hearing scheduled for February 6, 2006; he was also appointed counsel under the Criminal Justice Act, pursuant to 18 U.S.C. § 3006A. Defendant thereafter appeared at the February 6, 2006 detention hearing, with appointed counsel, at the conclusion of which he was ordered to remain in custody pending trial.

On March 2, 2006, a federal grand jury returned a four-count indictment against the defendant charging him with (i) possession with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1), (ii) possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 2), and (iii) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 3 and 4). Shortly after the indictment was returned, on March 8, 2006, the Court received a handwritten letter from defendant

requesting that his court-appointed counsel be replaced with new appointed counsel. As grounds for this request, defendant stated only that he was "not satisfied with [his] current representation" and that he believed his appointed attorney was "not in my best of interest for this case." Defendant's *pro se* request for new appointed counsel was denied by Order dated March 10, 2006, on the grounds that his then-appointed counsel had a long history of demonstrated competence in representing defendants in criminal cases in this district and because it did not appear from the record that there had been a "total breakdown in communication" between the defendant and his appointed counsel.[1] *See United States v. Washington*, 1:06cr68 (E.D. Va. Mar. 10, 2006) (Order). The matter thereafter continued through the course of discovery and various pretrial disputes, including a lengthy motion to suppress hearing,[2] with defendant represented by his court-appointed counsel at all proceedings.

On the morning of the scheduled jury trial, June 28, 2006, defendant made an oral motion that his court-appointed counsel be excused and replaced with an attorney who had apparently spoken with defendant's family and agreed to represent defendant on a retained basis provided the trial was continued to allow the proposed retained counsel the opportunity to familiarize himself with the case. Following brief oral argument by counsel for defendant and for the government, defendant's oral motion to replace his court-appointed counsel with retained counsel was denied and jury selection commenced, as scheduled, with defendant represented by his originally-appointed attorney

---

[1] *See, e.g., United States v. Mullen*, 32 F.3d 891, 896-97 (4th Cir. 1994) (recognizing that the appointment of a new attorney is warranted where a total breakdown in communication between counsel and the defendant has prevented the preparation of an adequate defense).

[2] Defendant's motion to suppress was ultimately denied by Order dated May 23, 2006, with the reasons underlying this ruling later elucidated in a July 24, 2006 Memorandum Opinion. *See United States v. Washington*, 439 F. Supp. 2d 589 (E.D. Va. 2006); *United States v. Washington*, 1:06cr68 (E.D. Va. May 23, 2006) (Order).

throughout the trial proceedings.[3] Recorded here are the legal principles and reasons underlying that ruling.

**I.**

The starting point in the analysis is, of course, the Sixth Amendment to the United States Constitution, which provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. More specifically, "[t]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Gonzalez-Lopez*, ____ U.S. ____, 126 S. Ct. 2557, 2561 (2006) (citations omitted).

Also fundamental to the Sixth Amendment analysis "is the right of a defendant who does not require appointed counsel to choose who will represent him." *Id.* Indeed, it has long been recognized by the Supreme Court that a defendant with adequate funds "should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53 (1932).[4] This

---

[3] Defendant was ultimately found guilty by a jury on Counts 1, 2 and 3 of the indictment. Count 4, in turn, was dismissed on defendant's motion in light of an agreed amendment made to Count 3 in the course of the pretrial proceedings. Following the jury verdict, but before sentencing, defendant filed another motion to replace his court-appointed counsel with retained counsel of his choice. This time, by Order dated September 8, 2006, defendant's motion for the substitution of counsel was granted, as the granting of such motion did not alter or affect the scheduled sentencing hearing. *See United States v. Washington*, 1:06cr68 (E.D. Va. Sept. 8, 2006) (Order). Defendant was thus represented by his retained counsel of choice in the course of the sentencing proceeding, at the conclusion of which he was sentenced to a total of one hundred thirty (130) months imprisonment, to be followed by four years of supervised release.

[4] *See also United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994) (noting that "[t]he Sixth Amendment to the United States Constitution guarantees every defendant the right to a reasonable opportunity to secure counsel of her own choice") (citation omitted).

right to representation by a defendant's counsel of choice, however, does not likewise extend to defendants who are financially indigent. *See Gonzalez-Lopez*, 126 S. Ct. at 2565. Rather, it is well-established that "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. U.S.*, 491 U.S. 617, 624 (1989). And even for non-indigent defendants, the right to counsel of one's own choice is not absolute, as no defendant is entitled to legal representation by, for example, (i) "an advocate who is not a member of the bar," (ii) "an attorney he cannot afford or who for other reasons declines to represent the defendant," or (iii) "an attorney who has a previous or ongoing relationship with an opposing party." *Wheat v. United States*, 486 U.S. 153, 159 (1988). A defendant's right to counsel of his or her own choice may also be circumscribed when allowing such a choice would interfere with the "orderly and expeditious" administration of justice. *See Corporan-Cuevas*, 35 F.3d at 956 (recognizing that courts "must weigh the defendant's right to choose counsel against the countervailing state interest in proceeding with prosecutions on an orderly and expeditious basis").

In all cases, the question "[w]hether a motion for substitution of counsel should be granted is within the trial court's discretion." *Id.* (citation omitted). And, in this regard, it is important to note that trial courts are granted "wide latitude in balancing the right to counsel of choice against the needs of fairness...and against the demands of its calendar... ." *Gonzalez-Lopez*, 126 S. Ct. at 2565-66 (citations omitted).

**II.**

In this case, defendant's oral motion for substitution of his court-appointed counsel with retained counsel was raised and denied on the morning of the scheduled jury trial. The primary

reason for this denial was the obvious untimeliness of the motion. Indeed, the Fourth Circuit has recognized that a motion for the substitution of counsel on the first day of trial is untimely "under all but the most exigent circumstances." *Corporan-Cuevas*, 35 F.3d at 956. No such exigent or exceptional circumstances were present here. Also compelling was the fact that the entire jury panel was ready and assembled for commencement of the trial, as were the attorneys, government witnesses and numerous members of the Court staff. The demands of the Court's congested trial calendar thus required denial of defendant's oral motion given that the proposed retained counsel was only willing to accept the representation of defendant on the condition that the scheduled jury trial be continued for an additional period of time. Moreover, it did not appear from the record that there had been a "total breakdown in communication" between defendant and his court-appointed counsel so as to warrant the withdrawal or replacement of counsel at that late stage in the proceedings.[5] Rather, the record reflects that defendant was able to communicate effectively with his experienced and zealous court-appointed counsel throughout the entire course of the pre-trial and trial proceedings.

Nor is the denial of defendant's last-minute motion for the substitution of counsel affected by the Supreme Court's recent decision in *Gonzalez-Lopez*, 126 S. Ct. 2557. In that case, the Supreme Court remanded a criminal prosecution for a new trial where the district court had misinterpreted state ethics rules in denying *pro hac vice* admission to defendant's retained counsel of choice. While recognizing that district judges are typically given "wide latitude in balancing the right to counsel of choice against the needs of fairness," the Supreme Court in *Gonzalez-Lopez* deemed dispositive the government's concession "that the District Court here erred when it denied

---

[5] *See Mullen*, 32 F.3d at 896-97 (recognizing that the appointment of a new attorney is warranted where a total breakdown in communication between counsel and the defendant has prevented the preparation of an adequate defense).

respondent his choice of counsel." *Id.* at 2565-66. Thus, "[a]ccepting that premise," namely "the Government's concession of erroneous deprivation," the Supreme Court went on to hold that "the error violated respondent's Sixth Amendment right to counsel of choice and that this violation is not subject to harmless-error analysis." *Id.* at 2563, 2566-67. Notwithstanding this holding, the Supreme Court expressly recognized in *Gonzalez-Lopez* that "[n]othing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice... ." *Id.* at 2565. And, as noted earlier, it is precisely those previous holdings referred to in *Gonzalez-Lopez* that support the denial of defendant's day-of-trial motion for the substitution of counsel and contemporaneous motion for a continuance in this case. Indeed, where a denial of a motion for the substitution of counsel is based not on an erroneous application of state ethics rules, as in *Gonzalez-Lopez*, but instead on a legitimate and well-established basis, as occurred here, such a denial is wholly consistent with both Supreme Court precedent and the requirements of the Sixth Amendment. *See id.* at 2566 (recognizing that none of the well-established "limitations on the right to choose one's counsel [was] relevant" in *Gonzalez-Lopez*, as that case was "not a case about a court's power to enforce rules or...to make scheduling and other decisions that effectively exclude a defendant's first choice of counsel)."

An appropriate Order has issued.

/s/
______________________________
T. S. Ellis, III
United States District Judge

Alexandria, VA
October 20, 2006